IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATIENCE EKPO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2096-D |
| | § | |
| LONE STAR COMMUNICATIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, *pro se* plaintiff Patience Ekpo ("Ekpo") moves to extend various deadlines in the scheduling order, and defendant Lone Star Communications, Inc. ("LSC")[1] moves for a protective order in response to Ekpo's requests for admission. For the reasons that follow, the court denies both motions.

I

In August 2024 Ekpo filed this employment discrimination suit against LSC. In August 2025 Ekpo served on LSC 208 requests for admission, 25 interrogatories, and 36 requests for production. LSC responded to the interrogatories and the requests for production.[2] LSC moved for a protective order, however, in response to the requests for

---

[1]Lone Star Communications, Inc. maintains that it has been improperly named as "Lone Star Communications, LLC."

[2]Ekpo maintains that these responses contain "boilerplate objections to nearly all of [her] interrogatories and production requests." P. Br. (ECF No. 32) 2.

admission. On November 6, 2025 Ekpo filed a motion to extend various deadlines in the scheduling order. The court is deciding the parties' motions on the briefs, without oral argument.

II

The court first considers LSC's motion for a protective order "striking [Ekpo's] requests for admission." D. Br. (ECF No. 29) 9.

A

This court "has broad discretion in determining whether to grant a motion for a protective order." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242 (N.D. Tex. 2016) (Horan, J.) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)). Under Fed. R. Civ. P. 26(c)(1), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c)(1). The burden is on the moving party "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "If a party maintains that a protective order is necessary to protect it from undue burden or expense, it 'must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2190190, at *3 (N.D. Tex. Feb. 23, 2023) (Fitzwater, J.) (quoting *Samsung Elecs. Am. Inc.*

*v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.)).

LSC maintains that a protective order is necessary because the requests for admission are excessive and burdensome, and that Ekpo is using Rule 36 "for the purposes of harassment and/or to unnecessarily increase the costs of this litigation." D. Br. (ECF No. 29) 2, 7. But LSC has failed to present facts that demonstrate how the requests for admission are excessive, burdensome, or harassment. Nor has LSC provided an affidavit or declaration of someone testifying to the expense of responding to the requests for admission. Rather, LSC's motion consists of conclusory assertions that are insufficient to satisfy its burden under Rule 26(c). *See Samurai Glob., LLC*, 2023 WL 2190190, at *4 (denying protective order where movant failed to point to evidence of undue burden); *Rummans v. HSBC Bank USA, Nat'l Ass'n*, 2024 WL 3635522, at *2 (N.D. Tex. May 28, 2024) (Rutherford, J.) ("[C]onclusory statements . . . that the Plaintiff's requests are 'overly broad and unduly burdensome,' 'harassing,' 'abusive,' [and] 'irrelevant[]' . . . fall far short of the specific demonstration of fact required to obtain a protective order.").

B

LSC also maintains that it should be relieved from answering the requests for admission because Ekpo has improperly used Rule 36 as a "discovery tool." D. Br. (ECF No. 29) 9. There are two deficiencies in LSC's position.

First, LSC cites outdated precedent to suggest that Ekpo may not seek admissions of "central facts in dispute." *Id.* at 7. LSC relies on the Fifth Circuit's statement in *Pickens v. Equitable Life Assurance Soc'y* that "requests for admissions as to central facts in dispute are

beyond the proper scope of [Rule 36]." *Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1393 (5th Cir. 1969). *Pickens*, however, preceded the 1970 amendments to Rule 36. Since then, the Fifth Circuit has made clear that "Rule 36 allows litigants to request admissions as to a broad range of matters, including *ultimate facts*, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (emphasis added). Moreover, merely because a fact is disputed does not mean that it falls outside the purview of Rule 36. *See* Rule 36 advisory committee's note to 1970 amendment (explaining that "[t]he proper response" to matters that parties regard as "in dispute" is "an answer").

Second, after laying out the purported scope of Rule 36, LSC fails to adequately explain how Ekpo's requests for admission are being improperly used as discovery tools. LSC provides a sample of requests that it views as problematic and then, without analysis, concludes that the "majority of [Ekpo's] Requests for Admissions are an attempt to use the requests as discovery devices." D. Br. (ECF No. 29) 8-9. The court is unable to determine on the basis of these thinly-supported assertions that "the majority of the requests for admission are not proper" and that all 208 requests should be stricken. *Id.* at 9.

Although at least some (and perhaps several) of Ekpo's requests for admission may fall outside the scope of Rule 36, the court expresses no view at this time regarding which ones are improper. Instead, the court concludes that LSC must respond to the requests for admission that fall within the scope of the Rule. *See* Rule 36(a)(1) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law

to fact, or opinions about either; and (B) the genuineness of any described documents."); 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2253, at 324-25 (3d. ed. 2010) ("Strictly speaking Rule 36 is not a discovery procedure at all . . . [a] party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.").[3]

Accordingly, no later than 30 days after this memorandum opinion and order is filed, LSC must file amended answers to Ekpo's requests for admission that fall within the scope of Rule 36. *Cf.* Rule 36(a)(6) (addressing motion to determine sufficiency of an answer or objection to a request for admission) ("On finding that an answer does not comply with this rule, the court may order . . . that an amended answer be served.").

### III

The court now turns to Ekpo's motion to extend various deadlines in the scheduling order.

### A

"To modify the scheduling order, a party must demonstrate good cause and obtain the

---

[3]In her response brief, Ekpo maintains that the court should sanction LSC because its request for a protective order was not substantially justified. "A party's discovery conduct is 'substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Orthoflex, Inc. v. ThermoTek, Inc.*, 2015 WL 4486756, at *8 (N.D. Tex. July 23, 2015) (Fitzwater, J.) (quoting *S.E.C. v. Kiselak Capital Grp., LLC*, 2012 WL 369450, at *5 (N.D. Tex. Feb.3, 2012) (McBryde, J.)). LSC has met its burden in showing that its conduct was substantially justified because reasonable people could differ on whether responding to the 208 requests for admission was appropriate.

judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.). Rule 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir.2010)).[4] "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.).

B

The scheduling order provides that a party must file a motion for leave to amend pleadings no later than November 12, 2025. On November 6, 2025 Ekpo filed the instant motion requesting an extension to the deadlines for leave to amend pleadings, to complete discovery, to file summary judgment motions, and to file motions not otherwise covered by

---

[4]Ekpo contends that this four-factor test does not apply because she is not moving to amend her pleadings after the scheduling order has expired. While it is true that she is not untimely moving to amend her pleadings, Ekpo is moving to amend the scheduling order under Rule 16(b)(4). And, as already discussed, the court applies this four-factor test to determine whether the movant has met her burden under Rule 16(b)(4). *See, e.g.*, *Culver v. Lowe's Home Ctrs. LLC*, 2025 WL 1798941, at *1 (N.D. Tex. June 26, 2025) (Fitzwater, J.).

the scheduling order. She maintains that LSC's discovery tactics have prevented her from timely determining whether an amendment to her complaint is necessary. LSC responds that this motion is premature because many of the deadlines in the order do not expire soon and Ekpo has not demonstrated a specific need at this time to amend her pleadings.

C

Although Ekpo has failed to address the four-factor test under Rule 16(b)(4), the court assumes *arguendo* that she has since the result is the same.

As to the first factor, Ekpo's assertion that LSC's discovery tactics have prevented her from discovering unspecified facts to support unspecified claims, which could have led her to seek leave to amend before the November deadline, is insufficient. *See E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *2 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.) (concluding that there was an absence of good cause where movant failed to provide "a reasonable justification"). Moreover, the court is unable to ascertain the importance of the modification given Ekpo's failure to provide any indication of the facts that she contends the withheld discovery may yield or which additional claims she contemplates bringing.[5]

Under the third and fourth factors, the court considers the potential prejudice in

---

[5] The importance of the modification is further diminished given that, if Ekpo were to discover new facts supporting new claims, she may still move for leave to amend her complaint. *See Hoffman v. L & M Arts*, 2012 WL 4321739, at *3-4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (granting motion to amend pleadings where, after deadline for seeking leave to amend had expired, plaintiff discovered new facts supporting new claims). The court, however, expresses no view on whether that motion would be successful.

allowing the modification and the availability of a continuance to cure such prejudice. Because LSC has not suggested that it will incur any undue prejudice, these two factors weigh in favor of granting Ekpo's motion. *See Culver v. Lowe's Home Ctrs. LLC*, 2025 WL 1798941, at *2 (N.D. Tex. June 26, 2025) (Fitzwater, J.) (concluding the same).

Applying the four factors holistically, the court concludes that Ekpo has not met her burden to show good cause to modify the scheduling order. Ekpo's failure to provide a reasonable explanation, and the difficulty in determining the importance of the modification, outweigh the other factors in the court's analysis. Accordingly, the court denies Ekpo's motion to modify the scheduling order.

\* \* \*

For the reasons explained, the court denies LSC's motion for a protective order and denies Ekpo's motion to modify the scheduling order.

**SO ORDERED**.

December 17, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE