IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATIENCE EKPO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2096-D |
| | § | |
| LONE STAR COMMUNICATIONS, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, *pro se* plaintiff Patience Ekpo ("Ekpo") moves to compel discovery, for sanctions, and to stay defendant's demanded depositions pending compliance. Defendant Lone Star Communications, Inc. ("LSC")[1] moves to modify the scheduling order. For the reasons that follow, the court grants LSC's motion to modify the scheduling order, and, in pertinent part, continues the trial setting to the two-week docket of February 16, 2027, and grants in part and denies in part Ekpo's motion to compel.[2]

I

In August 2024 Ekpo filed this employment discrimination suit against LSC. LSC previously moved for a protective order in response to Ekpo's requests for admission ("RFAs"), which the court denied. On March 30, 2026 Ekpo moved, *inter alia*, to compel

[1]Lone Star Communications, Inc. maintains that it has been improperly named as "Lone Star Communications, LLC."

[2]In light of the court's decision, LSC's request for a status conference is denied.

LSC to amend its responses to her RFAs, interrogatories, and requests for production ("RFPs"). And on April 30 2026 LSC moved to modify the scheduling order and requested a status conference.

On May 8, 2026 the court ordered that the parties meet and confer regarding Ekpo's motion to compel because, among other reasons, they had not adequately met and conferred in the first place. On June 6, 2026 the parties filed separate status reports regarding the meet-and-confer. The parties' status reports indicate that no issues presented in the motion to compel were resolved.

The court is deciding the pending motions on the briefs, without oral argument.

II

The court first addresses Ekpo's motion to compel discovery, for sanctions, and to stay her depositions.

A

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(1). And Rule 37 provides that a party seeking discovery can move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34 or to answer interrogatories under Rule 33. Rule 37(a)(3)(B)(iii)-(iv). As the party opposing Ekpo's motion to compel, LSC bears the burden of proof. *See Ruiz v. Home Depot U.S.A., Inc.*, 2023 WL 6166467, at *2 (N.D. Tex. Sept. 21, 2023) (Fitzwater, J.). "The

party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *See Gondola v. USMD PPM, LLC*, 223 F.Supp.3d 575, 578 (N.D. Tex. 2016) (Horan, J.) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

Rule 37 does not, however, provide for a motion to compel answers to a Rule 36 RFA. *Longoria v. County of Dallas, Tex.*, 2016 WL 6893625, at *5 (N.D. Tex. Nov. 22, 2016) (Horan, J.). Rather, once the responding party has served answers or objections, Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection"; that, "[u]nless the court finds an objection justified, it must order that an answer be served"; and, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6). The burden is on the party objecting to the RFA to "persuade the court that there is a justification for the objection." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2263, at 371 (3d. ed. 2010); *see also CHU de Quebec - Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, 2022 WL 1719405, at *9 (E.D.

Tex. May 27, 2022) (concluding the same).

B

The court now turns to Ekpo's motion regarding the sufficiency of LSC's answers and objections to the RFAs.[3]

1

RFAs Nos. 4, 8, 11, and 14 each request that LSC admit that certain individuals are "not a person of dark skin." D. App. (ECF No. 39-1) 12-13.[4] LSC maintains that this response would require a "subjective characterization and does not provide the individual to whom their skin color should be compared." D. Resp. (ECF No. 38) 9. Ekpo maintains that Rule 36 permits her to request admissions regarding opinions of fact. And during the parties meet-and-confer, Ekpo clarified that she would be the comparator for purposes of these RFAs.

The court overrules LSC's objection. Rule 36 allows litigants to request admissions as to "facts, the application of law to fact, or opinions about either." Rule 36(a)(1). LSC has

[3]Although styled as a motion to compel, the court will construe Ekpo's motion with respect to the RFAs as a motion to determine the sufficiency of LSC's answers and objections under Rule 36(a)(6). *See Walder v. Experian Info. Sols., Inc.*, 2025 WL 4673002, at *4 (E.D. Tex. Nov. 3, 2025) (doing the same); *cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that a "pro se document is to be liberally construed").

[4]The court declines to analyze whether LSC's responses to RFAs Nos. 58, 63, 66, and 200 are sufficient because Ekpo's brief merely notes that a particular objection was lodged against these RFAs. *See Jackson v. Lowe's Home Ctrs, LLC*, 2019 WL 7841859, at *1 (N.D. Tex. Oct. 30, 2019) (Horan, J.) (denying discovery request related to RFAs where plaintiff "provide[d] no explanation as to why [defendant's] answers and objections to the listed requests for admission are insufficient").

failed to adequately explain why a subjective characterization about someone's appearance falls outside the scope of an opinion about a fact. And Ekpo's clarification that she is the comparator for purposes of these RFAs appears to moot LSC's remaining concern. Accordingly, LSC must provide an amended answer to RFAs Nos. 4, 8, and 11.

2

RFAs Nos. 12-14 request that LSC admit that one of its employee's daughters is not "African American or Black," not of "Nigerian national origin," and not a "person of dark skin color." D. App. (ECF No. 39-1) 13. LSC maintains that, because it never employed this individual, it is without sufficient information to admit or deny. Ekpo responds that LSC interviewed this individual and that Ekpo believed that this individual was going to replace her.

LSC's response is insufficient. Rule 36 provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry." Rule 36(a)(4) (emphasis added). It is possible, for example, that LSC *has* made a reasonable inquiry into this matter, but the information it possesses or can readily obtain about an individual it merely interviewed is insufficient to enable it to admit or deny these RFAs. But without this explanation, the court cannot conclude that LSC's answer is sufficient under Rule 36. *See* Rule 36(a)(4). LSC must provide amended answers to RFAs Nos. 12-14.

3

RFAs Nos. 46-49 request that LSC admit the existence of personal relationships among its employees prior to their employment with LSC. LSC maintains that this type of information is better sought through other forms of discovery. The court agrees with LSC.

"Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Wright & Miller, *Federal Practice and Procedure*, *supra*, § 2253, at 324. "A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." *Id.* at § 2253, at 325; *see also Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) ("Requests for admissions are not a general discovery device."); *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 2022 WL 19518644, at *1 (E.D. La. Nov. 28, 2022) ("[RFAs] are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence."). Ekpo's reliance on RFAs to obtain information regarding these personal relationships among certain LSC employees is an improper use of Rule 36. Accordingly, the court denies Ekpo's motion with respect to RFAs Nos. 46-49.

4

RFA No. 19 requests that LSC admit that it did not conduct a formal investigation into Ekpo's discrimination complaint. RFA No. 32 requests that LSC admit that it hosted regular companywide town hall meetings. LSC objected to these requests because it "does not know what [Ekpo] means by the term formal investigation" and the word "regular" is subjective.

D. App. (ECF No. 39-1) 14-15 (internal quotation marks omitted).

LSC's responses are insufficient. A party objecting to a discovery request as vague or ambiguous has the burden of explaining the specific and particular way in which a request is vague or ambiguous. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (Horan, J.). And a party raising this type of objection should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in the discovery request. *See id.* LSC has failed to adequately explain how "formal investigation" or "regular" are vague or ambiguous, and its objections do not reflect that it made an effort to attribute ordinary definitions to these phrases. Accordingly, LSC must provide an amended answer to RFAs Nos. 19 and 32.

5

Ekpo contends that LSC's responses to RFAs Nos. 26-28, 74-77, 79-88, 101-04, 107, 110-14, 117, 121, 123-25, 129-30, and 132-35 are improper. LSC initially objected that these RFAs would require it to admit or deny the contents of conversations between its employees. In response to Ekpo's motion to compel, LSC explains that it has answered these RFAs or that it has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny.

With one exception, the court concludes that LSC's responses to these RFAs are sufficient. LSC has either admitted or denied the substance of each request, or properly asserted a lack of sufficient information after conducting a reasonable inquiry. Under these circumstances, Rule 36(a)(6) does not authorize the court to order LSC to provide a different

answer. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 427 (N.D. Tex. 2021) (Horan, J.).

The one exception is RFA No. 103, which requests that LSC admit that, during a meeting that occurred around November 9, 2021, Ekpo stated her intention to resign. While LSC admitted that Ekpo resigned on November 9, 2021, it did not admit, deny, or state that it lacked sufficient information to admit or deny the portion of this RFA pertaining to her intention to resign. It merely objected that this RFA "requires [LSC] to admit or deny the contents of a conversation to which it was not a party." D. App. (ECF No. 39-1) 25. LSC did not raise this objection in its response to Ekpo's motion to compel; rather, it represented that it had removed the objection. LSC must therefore provide an amended response to RFA No. 103.

6

Ekpo contends that LSC's responses to RFAs Nos. 124, 127, 145, 147, 151-52, 154, 173, 176, 195, 198, and 202-04 are improper because "a vagueness objection does not relieve [LSC] of its obligation to make a good faith effort to respond." P. Br. (ECF No. 37) 9. LSC responds that it permissibly qualified its answers to RFAs Nos. 124, 198, and 202-04; it has now answered RFAs Nos. 145 and147-48; and it stands by its objections to RFAs Nos. 151-52, 154, 173, and 176.[5]

---

[5]LSC also notes that it did not use the word vague in any of its responses. But the court understands Ekpo's reliance on word "vagueness" as shorthand for the types of objections that LSC lodged against these RFAs. These objections share the common approach of pointing out that Ekpo's requests (or the phrases the requests rely on) are

RFA No. 124 requests that LSC admit that, as of a particular date, one of its employees was not Ekpo's direct supervisor. Although LSC's response denies one of the factual assumptions built into the RFA, its response answers the substance of the request. *See Veroblue*, 345 F.R.D. at 426. Thus the court denies Ekpo's motion with respect to RFA No. 124.

In response to RFAs Nos. 173, 198, and 202-04, LSC objects to Ekpo's use of the phrases "close proximity," "formal investigation," and "multiple occasions." D. App. (ECF No. 39-1) 34, 37-38. LSC's objections do "not reflect that [it] made an effort to attribute ordinary definitions to the terms and phrases utilized, to include any reasonable definition of the term or phrase at issue to clarify [its] answers, or attempted to obtain clarification prior to objecting." *Keycorp v. Holland*, 2016 WL 6277813, at *13 (N.D. Tex. Oct. 26, 2016) (Horan, J.) (holding that similar objections to RFAs were not justified). Accordingly, the court concludes that LSC's objections to these RFAs are not justified and orders that it serve amended answers to these requests.

LSC's amended answers to RFAs Nos. 147 and 148 moot Ekpo's motion to compel these RFAs. While LSC represented in its response to the motion to compel that it would answer RFA No. 145, its response to this RFA still includes an objection. Because LSC has indicated that it is willing to answer this request, it must provide an amended answer to RFA No. 145.

---

ambiguous, unspecific, or subjective.

RFA No. 151 requests that LSC admit that, during Ekpo's tenure, the Grand Prairie sales team was a "statistically top-performing team." D. App. (ECF No. 39-1) 31. LSC objects to this RFA on the grounds that it did not provide information concerning on what statistical basis it should base its response. The court agrees with LSC. Unlike the phrases discussed above, the phrase "statistically top-performing team" remains ambiguous even after exercising common sense or applying ordinary definitions. As LSC suggests, a team may be considered statistically top-performing for any number of reasons depending on how performance is measured. LSC's objection is justified, and it need not answer RFA No. 151.

RFA No. 152 requests that LSC admit that one of its employees was selected to help manage a sales team in Arkansas following the resignation of its local manager. RFA No. 154 requests that LSC admit that Ekpo's accomplishments were achieved under a particular employee's supervision. RFA No. 176 requests that LSC admit that all staff members in the sales department had laptops. LSC objected that these RFAs are ambiguous as to the time and scope of the requested information. With RFAs Nos. 152 and 176, these requests do not indicate the relevant time period. And with RFA No. 154, this request does not explain what accomplishments Ekpo is referring to. The court concludes that LSC's objections are justified and that it need not answer RFAs Nos. 152, 154, and 176. *See F.T.C. v. Think All Pub., L.L.C.*, 2008 WL 687455, at *4 (E.D. Tex. Mar. 11, 2008) (sustaining objections to RFAs that were vague as to time and scope).

Last, LSC did not object to RFAs Nos. 127 or 195 in its response to Ekpo's motion to compel. Because LSC has waived any objection, it must provide an amended response

answering these RFAs. *See Apollo MedFlight, LLC v. BlueCross BlueShield of Tex.*,2020 WL 520608, at *5 (N.D. Tex. Jan. 13, 2020) (Reno, J.) ("Any objection initially made in [defendant's] responses to the discovery requests but not mentioned in [its] Response to [plaintiff's] Motion to Compel . . . is waived and will not be analyzed." (citing *Lopez*, 327 F.R.D. at 582)).

7

Ekpo contends that LSC's responses to RFAs Nos. 18, 45, 50, 67-69, 75-76, 93-95, 98, 101, 104-06, 116, 119, 136, 139, 140-44, 146, 158, 166, 168, 172, 174, 179-80, 186-89, 191, 193-94, and 203.2 are improper because they fail to address the specific matter presented. Ekpo also contends that LSC's responses RFAs Nos. 26-28, 31, 74-77, 93-95, 99, 102, 110-14, 116-18, 121-25, 128-35, 153, 179-80, and 185-89 are improper because they "implausibly assert [LSC's] inability to admit or deny." P. Br. (ECF No. 37) 10.[6] In response to Ekpo's motion to compel, LSC appears to have amended a number of its responses.

With the exceptions noted below, the court concludes that LSC's responses to these RFAs are sufficient under Rule 36. LSC's admissions and denials fairly meet the substance of these requests. *See Thomason v. Metro. Life Ins. Co.*, 2015 WL 1914557, at *2 (N.D. Tex. Apr. 27, 2015) (Stickney, J.) (denying motion to compel because responses to RFAs "fairly me[t] the substance of the requests"). And where LSC stated that, after conducting a reasonable inquiry into information known to it or can readily be obtained, it cannot admit or

[6]Some of the RFAs that Ekpo grouped with these two sets of RFAs have already been addressed in the preceding sections.

deny a request, its response complies with Rule 36. *See VeroBlue*, 345 F.R.D. at 431 (concluding the same). Moreover, Ekpo's belief that the alleged inability to admit or deny is not plausible does not permit the court to order LSC to provide a different answer to these RFAs. *See id.* at 427, 431

RFA Nos. 93-95 request that LSC admit that, as part of Ekpo's job responsibilities, she regularly collaborated with certain employees on company projects. LSC objected to these RFAs because of their reliance on the undefined phrase "regularly collaborated." For the same reasons that the court has concluded that LSC's objections to the phrases "regular," "close proximity," "formal investigation" and "multiple occasions" were insufficient, the court concludes that LSC's objection to the phrase "regularly collaborated" is insufficient. LSC has failed to adequately explain how "regularly collaborated" is vague or ambiguous, and its objections do not reflect that it made an effort to attribute ordinary definitions to this phrase. Accordingly, LSC must provide an amended answer to RFAs Nos. 93-95.

RFAs Nos. 179-80 and 186-87 request that LSC admit that certain exhibits that Ekpo provided are true and authentic. LSC responded that it could not admit that these exhibits are true and authentic because it did not create or author these documents. But Rule 36 allows a party to serve a request to admit the "genuineness of *any* described documents." Rule 36(a)(1)(B) (emphasis added). The limitation LSC imposes on Rule 36's scope finds no support in the Rule's text. *See id.*; *see also Iron Workers Loc. No. 60 Annuity Pension Fund v. Solvay Iron Works, Inc.*, 2017 WL 1458772, at *4 (N.D.N.Y. Apr. 24, 2017) ("The fact that they are being asked to admit the authenticity of documents they did not author does not

necessarily provide a basis for refusing to admit authenticity . . . ."). Nor has LSC cited any caselaw to support its position. Because LSC's reason for refusing to admit is not justified, it must provide an amended answer to these RFAs.

LSC did not object to RFA No. 158 in its response to Ekpo's motion to compel. Accordingly, LSC has waived any objection to this request and it must provide an amended answer. *See Apollo MedFlight,*,2020 WL 520608, at *5.

C

The court next considers Ekpo's motion to compel responses to interrogatories.

1

LSC's amended responses to Interrogatories Nos. 1 and 2 appear to cure the defects Ekpo raised in her motion to compel. Ekpo does not contend in her reply that the substance of these responses is deficient. Accordingly, the court denies the motion to compel Interrogatories Nos. 1 and 2 as moot. *See Moseti v. Mary Kay*, 2025 WL 3154521, at *5 (N.D. Tex. Nov. 12, 2025) (McKay, J.) (denying motion to compel as moot because plaintiff did "not identify any deficiency in the amended response").

2

Interrogatory No. 3. requests that LSC state whether it received formal or informal complaints, grievances, or reports of discrimination, harassment, retaliation, or inappropriate conduct concerning three of its employees. LSC objects to this request's use of the phrase "inappropriate conduct" because it encompasses conduct unrelated to Ekpo's claims. LSC also notes that this interrogatory has no temporal limitation.

The court agrees with LSC. LSC's response to this interrogatory "need not include instances of generic misconduct." *Alvarado v. Air Sys. Components LP*, 2021 WL 4907033, at *3 (N.D. Tex. Oct. 21, 2021) (Godbey, J.). Its response should be limited to instances of alleged race, sex, color, and national origin harassment or discrimination. *See id.* Additionally, "[w]ithout temporal limitations, the [court] finds that the request is overly broad." *Cook v. City of Dallas*, 2017 WL 9534098, at *4 (N.D. Tex. Apr. 10, 2017) (Godbey, J.). The court limits the temporal scope of this request to the start of Ekpo's employment through two years after her resignation date. *See Beasley v. First Am. Real Est. Info. Servs., Inc.*, 2005 WL 1017818, at *1 (N.D. Tex. Apr. 27, 2005) (Kaplan, J.) (permitting similar temporal scope on discovery in Title VII action). LSC must provide an amended response in compliance with the court's decision.

3

Interrogatory No. 4 requests that LSC describe its processing and acceptance of Ekpo's resignation. LSC contends that the request's use of the word "processing" is vague. But it has failed to carry its burden to show that this word is vague. Nor does LSC's response suggest that it attempted to attribute an ordinary definition to the word "processing" before objecting. Accordingly, LSC must provide an amended response that fully answers Interrogatory No. 4.

4

Ekpo moves to compel Interrogatories Nos. 5-7. Interrogatory No. 5 requests that LSC state whether it conducted an internal investigation into the reasons for Ekpo's resignation.

LSC maintains that its amended response answers this interrogatory, and Ekpo does not contend that the substance of this response is deficient. The court therefore denies the motion to compel Interrogatory No. 5 as moot.

Interrogatory No. 6 and its subparts request information regarding LSC's remote work policies and the application of these policies to two of its employees. In its response to Ekpo's motion to compel, LSC represented that it would supplement this interrogatory. Given this representation, the court will grant Ekpo's motion to compel. LSC must provide an amended response that fully answers Interrogatory No. 6.

Interrogatory No. 7 and its subparts request information regarding one of LSC's employees and the policies applicable to this employee. Ekpo's principal concern with LSC's response to this interrogatory is its objection that this request is argumentative. LSC maintains that it has answered this interrogatory in an amended response and appears to no longer object to this request as argumentative. Ekpo does not contend in her reply brief that the substance of this response is deficient. Accordingly, the court denies Ekpo's motion to compel Interrogatory No. 7 as moot.

5

Interrogatory No. 8 requests information regarding Daniel Martinez ("Martinez"), LSC's former information technology director. LSC responds that Martinez is not a comparator employee. Discovery directed at obtaining comparator evidence is generally confined to "individuals within the plaintiff's employment unit—that is, employees working in similar positions, at the same facility, and under the same decisionmakers." *Carrizal v.*

*Tex.-Health & Human Servs. Comm'n*, 2026 WL 1975616, at *11 (W.D. Tex. July 8, 2026) (collecting cases). According to Ekpo's complaint, she worked as a marketing coordinator at LSC. It is not apparent how information about a director who worked in a different department is relevant to Ekpo's discrimination claim. Accordingly, the court denies Ekpo's motion to compel Interrogatory No. 8.

6

Interrogatories Nos. 9 and 10 request information pertaining to Michael Sotello ("Sotello"), the individual who was allegedly hired into Ekpo's former position. According to LSC's response, it is "working to more fully respond to Interrogatory [No.] 9" and has revised its answer to Interrogatory No. 10. D. Resp. (ECF No. 38) 15-16. Because LSC does not raise any objection to answering Interrogatories Nos. 9 and 10 in its response brief, the court grants Ekpo's motion to compel. LSC must provide amended responses that fully answer Interrogatories Nos. 9 and 10.

Moreover, in its response to Interrogatory No. 10, LSC had represented that it would answer this interrogatory "upon entry of a protective order." D. App. (ECF No. 39-1) 44. Because LSC does not mention the protective order in its response brief, it fails to meet its burden to demonstrate that a protective order is necessary. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (describing burden party seeking protective order bears). LSC cannot await the issuance of a protective order to answer Interrogatory No. 10.

7

Ekpo moves to compel LSC's responses to Interrogatories Nos. 11, 14, 15, and 16. In its response brief, LSC objects that these interrogatories would require it to marshal its evidence to rebut Ekpo's arguments.

The court overrules LSC's objection because LSC does not adequately explain how these interrogatories fall outside Rule 33's scope. The principal explanation LSC provides for its objection is that Ekpo is not "seeking objective facts." D. Resp. (ECF No. 38) 14. But Rule 33 provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact." Rule 33(a)(2). Because LSC's thinly supported assertions are insufficient to meet its burden as the party resisting discovery, the court grants Ekpo's motion to compel. LSC must provide amended responses that fully answer Interrogatories Nos. 11, 14, 15, and 16.

8

Ekpo moves to compel Interrogatories Nos. 12 and 13. In response to Interrogatory No. 12, LSC stated that it would supplement its response. Given this representation, the court grants Ekpo's motion to compel as to Interrogatory No. 12, to the extent any response is still outstanding.

Interrogatory No. 13 and its subparts request information related to one of LSC's employee's offices. In its response brief, LSC merely provides that it "is currently determining additional information to fully respond to the remaining interrogatories." D. Resp. (ECF No. 38) 14. Because LSC does not advance an objection related to this

interrogatory in its response brief, the court grants Ekpo's motion to compel. LSC must provide an amended response that fully answers Interrogatory No. 13.

9

Interrogatory No. 17 requests information regarding all employee promotions from August 9, 2019 through November 9, 2023. LSC maintains that this request covers confidential information related to many employees who are not comparators.

The court agrees with LSC. This request likely encompasses sensitive information that has nothing to do with the issues in this case. As phrased, the interrogatory seeks information about all employees who were promoted, regardless of whether they had worked in the same department, held a similar position, had the same supervisor, or performed similar job functions as Ekpo. *See Gordon v. Greenville Indep. Sch. Dist.*, 2014 WL 6603420, at *2 (N.D. Tex. Nov. 20, 2014) (Stickney, J.) (denying motion to compel discovery request for similar reasons). Accordingly, the court denies Ekpo's motion to compel as to Interrogatory No. 17.

10

LSC objected to Interrogatories Nos. 18-25 on the ground that Ekpo had exceeded her maximum number of interrogatories. Rule 33 provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33(a)(1). "Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not 'logically or factually subsumed within and necessarily related to the primary question.'" *Krawczyk v. City*

*of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 686 (D. Nev.1997)). "If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within and necessarily related to the primary question.'" *Id.* (quoting *Kendall*, 174 F.R.D. at 686). "[T]he 'full and complete answer' standard involves comparison between the primary question and its subpart, not . . . between one subpart and another." *Dimitrijevic v. TV&C GP Holding Inc.*, 2005 WL 8164073, at *3 (S.D. Tex. Aug. 24, 2005).

The court concludes that Ekpo has exceeded 25 interrogatories. For example, Interrogatory No. 7 contains 5 parts. The first question asks LSC to state "the full name, job title(s), department(s), and dates of employment for" one of its employees. D. App. (ECF No. 39-1) 43. The subsequent questions ask how remote work policies were applied to this individual. The first question can be answered "fully and completely without answering" Interrogatory No. 7's remaining questions. *See Krawczyk*, 2004 WL 614842, at *2. The same can easily be said about many of Ekpo's other interrogatories that contain subparts. Because Ekpo did not serve her interrogatories in accordance with Rule 33, the court denies Ekpo's motion to compel as to Interrogatories Nos. 18-25. *See Cook*, 2017 WL 9534098, at *2 (denying motion to compel due to movant's failure to comply with Rule 33's numerical limit).

D

The court next considers Ekpo's motion to compel RFPs.

1

RFP No. 2 requests that LSC produce documents related to its procedures for processing resignations. Ekpo maintains that LSC's response indicates that it is withholding documents. LSC responds that it has fully responded to this RFP.

"Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Moore v. W. World Ins. Co.*, 2024 WL 3403750, at *2 (S.D. Miss. July 12, 2024) (quoting *Logan v. Madison Par. Det. Ctr.*, 2013 WL 5781313, at *2 (W.D. La. Oct. 25, 2013)). Ekpo has failed to present credible evidence that LSC is withholding any responsive documents. Accordingly, the court denies the motion to compel as to RFP No. 2.

2

RFP No. 3 requests that LSC produce all training materials used for anti-discrimination, anti-harassment, and diversity training provided to employees and supervisors from August 9, 2019 to the present. In response to this RFP, LSC responded, in part, that it is confirming whether these documents exist. In its response to the motion to compel, LSC does not make an objection to RFP No. 3. Similarly, in response to RFP No. 18, LSC maintains that it would produce documents responsive to this RFP and that it is in the process of running Ekpo's newly requested search terms related to this request. Because LSC has indicated that it is willing to comply with these RFPs and it does not advance an objection in

its response brief, the court will grant the motion to compel RFPs Nos. 3 and 18. LSC must produce any documents that are responsive to these requests; if there are no responsive documents, LSC must state this with specificity.

3

RFP No. 4 requests documents related to the completion by certain employees of anti-discrimination, anti-harassment, and diversity training. In response, LSC objected that the request's temporal period was overbroad. But LSC does not address RFP No. 4 in its response brief. LSC has waived this objection, *see Apollo MedFlight*, 2020 WL 520608, at *5, and the court grants the motion to compel. LSC must produce documents that are responsive to RFP No. 4.

4

Ekpo moves to compel RFP No. 6. In response to the discovery request, LSC asserted that this "information is equally available to [Ekpo]." D. App. (ECF No. 39-1) 54. But LSC also represented that it has produced responsive documents and is not withholding documents. The court denies the motion to compel RFP No. 6 as moot but orders LSC to provide an amended response clarifying whether it is withholding documents subject to any objection.

5

RFP No. 9 requests that LSC produce the "complete and unredacted personnel files" for 14 of its employees. In response to the motion to compel, LSC objected that these employees are not comparators. While courts have customarily allowed "wide discovery" of personnel files in Title VII litigation, *see Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.

1991), a plaintiff is not entitled to rummage through the personnel files of employees in hopes of discovering information that might possibly be relevant to her claim. *See Beasley*, 2005 WL 1017818, at *4.

Ekpo seeks the personnel files of Patt Bowles ("Bowles"), Daniel Hiett ("Hiett"), and Ronald Kruse ("Kruse"). According to Ekpo's complaint, these individuals were the source of her disparate treatment. To the extent that these personnel files include information relating to Ekpo's resignation or her complaints of discrimination and harassment, the pertinent parts of the files must be produced. *See Drechsel v. Liberty Mut. Ins. Co.*, 2015 WL 6865965, at *5 (N.D. Tex. Nov. 9, 2015) (Horan, J.) (requiring defendant to produce documents in personnel files of "alleged discriminators" related to plaintiff's termination or plaintiff's other complaints of discrimination).

Ekpo also requests the personnel files of Trey Meador ("Meador"), Ramona Rook ("Rook"), and Joe Jackson ("Jackson"). According to Ekpo, Meador and Rook worked in the Human Resources Department and Jackson was her supervisor. Ekpo alleges that she reported incidents of discrimination to Human Resources, and part of her disparate treatment claim appears to pertain to being transferred away from Jackson's supervision. To the extent that the personnel files of Meador, Rook, or Jackson contain information relating to Ekpo's resignation or her complaints of discrimination and harassment, the pertinent parts of the files must be produced. *See Beasley*, 2005 WL 1017818, at *3-4 (permitting similar discovery into personnel files of plaintiff's supervisor and human resources personnel).

The relevance of the remaining individuals' personnel files appear to lie in their

potential to be used as comparator evidence. When assessing discovery requests for comparator evidence, courts have required that the requests focus on individuals who are or could be similarly situated to the plaintiff. *See Cooper v. City of Dallas, Tex.*, 2006 WL 1983234, at *2 (N.D. Tex. July 17, 2006) (Kaplan, J.) (denying motion to compel because plaintiff did "not limit her document requests to 'similarly situated' employees"); *Gordon*, 2014 WL 6603420, at *2 (same); *Kean v. Jack Henry & Assoc., Inc.*, 577 Fed. Appx. 342, 347 (5th Cir. 2014) (per curiam) (affirming limitation on discovery request that covered evidence regarding "two differently situated employees with different responsibilities"). The court lacks sufficient information to assess whether most of these remaining individuals could potentially be similarly situated to Ekpo. *See Yusufu v. Tex. Oncology, P.A.*, 2026 WL 936339, at *5 (N.D. Tex. Apr. 7, 2026) (McKay, J.) ("[Plaintiff] has not provided the Court with information sufficient to show that any of the listed individuals might meet the rigorous requirements to qualify as a comparator."); *cf. George v. Entergy Servs., Inc.*, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010) ("That plaintiff alleges that [these employees] had similar job duties and responsibilities and often worked in concert with plaintiff is enough to allow plaintiff discovery that may lead to evidence of comparability between plaintiff and the three employees.").

Ekpo does discuss in some detail three employees. According to Ekpo, Jeff Kindig ("Kindig") and Kenny Schiff ("Schiff") were hired to replace an executive in the marketing department and Sotello was hired into her former position. It is not evident how Kindig and Schiff, who were hired into different positions than Ekpo after she resigned, could be

comparators. But the court concludes that some portion of Sotello's personnel file is discoverable. Although Sotello was hired over one year after Ekpo resigned, he is allegedly an individual outside of Ekpo's protected class who now occupies her former position. *See Vann v. Mattress Firm*, 2014 WL 1365943, at *3 (S.D. Tex. Apr. 7, 2014) (limiting comparator discovery request to those who held the same positions as plaintiff); *Hernandez v. Clearwater Transp., Ltd.*, 2021 WL 148053, at *3 (W.D. Tex. Jan. 15, 2021) ("[Plaintiff] is entitled to discovery of possible comparators . . . after her employment with [defendant].").

But Ekpo is not entitled to Sotello's complete personnel file. *See Beasley*, 2005 WL 1017818, at *4 ("[T]he discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."); *Maxwell v. Home Depot U.S.A., Inc.*, 2025 WL 1174751, at *4 (W.D. La. Mar. 25, 2025) ("Personnel files often contain private and sensitive information unrelated to the claims at issue . . . ."). The parties appear to agree on this point. LSC notes that, in one of Ekpo's meet-and-confer letters, she limited the scope of this RFP to "job positions/duties, qualifications, onboarding, performance evaluations, salary, attendance records, telecommuting records, disciplinary records, and termination records relevant to the discrimination claims." D. Resp. (ECF No. 38) 17. Assuming that Sotello is a possible comparator, LSC does not contend that such a limit would be inappropriate. The court will limit the scope of discovery into Sotello's personnel file accordingly.[7]

[7]LSC also notes in its response brief that Ekpo had proposed temporally limiting this RFP to her period of employment. The subject matter constraints discussed for the personnel

Therefore, subject to the limitations discussed here, LSC must produce the personnel files of Bowles, Hiett, Kruse, Meador, Rook, Jackson, and Sotello.

6

RFP No. 10 requests that LSC produce the job descriptions for the positions held by the individuals listed in RFP No. 9. LSC maintains that, because these individuals are not comparators, requesting their job descriptions is not proportionate or relevant.

First, the court overrules the proportionality objection. To succeed on this objection, LSC must make specific arguments, supported by evidence, that show why the request would impose a burden and why that burden is out of proportion to the needs of the case. *See Alt Platform, Inc. v. Beckett Collectibles, LLC*, 2025 WL 836049, at *3 (N.D. Tex. Mar. 17, 2025) (Godbey, C.J.). LSC has failed to do so.

Second, the court overrules LSC's relevance objection because LSC did not raise a relevance objection in its response to this discovery request. *See Apollo MedFlight*, 2020 WL 520608, at *5 (explaining that "[a]ny new objection to a discovery request raised in" a party's response to a motion to compel that "it did not initially make in its responses to the discovery requests is waived and will not be analyzed"). Thus the court grants Ekpo's motion to compel as to RFP No. 10.

---

files of Bowles, Hiett, Kruse, Meador, Rook, and Jackson naturally limit the temporal scope of the request to Ekpo's period of employment. But Ekpo's suggested limitation does not appear to be crafted with Sotello in mind, who was hired after Ekpo resigned. The parties do not address what would be an appropriate temporal limit for Sotello's personnel file.

7

RFP No. 11 requests that LSC produce all documents relating to any formal or informal complaints of discrimination, harassment, retaliation, or other misconduct made by any employee against Hiett, Bowles, or Kruse from 2016 to the present. While LSC maintains that it has produced documents related to Ekpo's allegations of race, color, sex, and national origin discrimination, it also objects that this request is overbroad because it covers complaints for "other misconduct" over a 10-year period. D. Resp. (ECF No. 38) 18-19.

The court agrees with LSC for the same reasons it has limited the scope of Interrogatory No. 3. When responding to this RFP, LSC need not produce information related to instances of generic misconduct, only instances of alleged race, sex, color, and national origin harassment and discrimination. *See Alvarado*, 2021 WL 4907033, at *3. Moreover, the court will limit the relevant period to the start of Ekpo's employment through two years after her resignation. *See Beasley*, 2005 WL 1017818, at *1. If there are documents that LSC has not produced consistent with the court's decision, it must do so.

8

RFP No. 12 requests that LSC produce all documents concerning the separation of employment for Martinez, Laura Thomas ("Thomas"), and Shaniah Jones ("Jones"). LSC contends that this information is not relevant because these three employees are not comparators and were not named in Ekpo's complaint.

For similar reasons that the court has relied on in denying Ekpo's motion to compel as to Interrogatory No. 8, the court holds that it is not apparent how documents concerning

Martinez's separation would be relevant to Ekpo's claims.

The court concludes, however, that LSC has failed to carry its burden of showing that documents related to Thomas' and Jones' separation are not relevant to Ekpo's claims. According to her complaint, Ekpo alleges that other LSC employees, who are members of her protected class, experienced discrimination. Ekpo's theory for requesting discovery related to Thomas and Jones appears to be that this discovery may contain other complaints about race or sex discrimination. Other complaints of discrimination against the same individuals who allegedly discriminated against Ekpo could be relevant to her claims. *See Diloreto v. Towers Perrin Forster & Crosby, Inc.*, 2010 WL 11619087, at *3 (N.D. Tex. Aug. 20, 2010) (Toliver, J.). LSC must produce documents related to Thomas' and Jones' separation from LSC, but only to the extent that these documents contain other complaints of discrimination that are relevant to Ekpo's claims.

9

RFP No. 13 requests telecommuting documents for 5 employees. While LSC initially objected to this RFP, it revised its response to state that it has produced responsive documents and it is not withholding documents. In her reply brief, Ekpo suggests that responsive documents are being withheld because her own telecommuting documents have not been produced. But this discovery request does not seek production of her telecommuting documents. Thus the court denies the motion to compel RFP No. 13 as moot.

10

RFP No. 15 requests that LSC produce architectural plans, office maps, or seating charts for its Grand Prairie office. RFP No. 22 requests that LSC produce all documents relating to the budget, expenses, and final cost of LSC's 30th anniversary. RFP No. 23 requests that LSC produce all reports showing the performance of sales teams managed by a particular employee. RFP No. 29 requests that LSC produce all analytic reports for the company newsletter. RFP No. 30 requests that LSC produce all purchase receipts, invoices, and other vendor information for both the initial and replacement laptop assigned to Ekpo. RFP No. 32 requests that LSC produce all consulting agreements, service agreements, and other contracts for post- employment services between LSC and three of its former employees.

LSC contends that these RFPs address documents that are not relevant to Ekpo's discrimination claims. The court agrees. These RFPs likely encompass documents that have very little to do with the allegations of discrimination and harassment in Ekpo's complaint. Accordingly, the court denies the motion to compel as to these RFPs.

11

RFPs Nos. 16 and 17 request that LSC produce documents related to investigations that Meador, Rook, and Bowles conducted into Ekpo's discrimination complaints around July 2021 and November 2021. In response to both of these RFPs, LSC maintains that it is unaware of any documents that are responsive to these requests. The court cannot compel a party to produce non-existent documents. *See VeroBlue*, 345 F.R.D. at 420. And the

purported inconsistency Ekpo identified between LSC's response to these RFPs and Interrogatory No. 5 is insufficient to show that LSC's discovery production is incomplete. *See Moore*, 2024 WL 3403750, at *2. Accordingly, the court denies the motion to compel as to RFPs Nos. 16 and 17.

12

RFP No. 19 requests that LSC produce all emails and other communications among three of its employees regarding Ekpo's request for a new or upgraded laptop. In response to this RFP, LSC objected that this request was argumentative. Yet LSC also stated that it was unaware of any documents responsive to this request. LSC's response brief does not raise any objection to RFP No. 19. Because it is not clear whether LSC is withholding any documents subject to its now-waived objection, the court grants Ekpo's motion to compel. If LSC is not withholding responsive documents subject to its initial objection, it must state so with specificity.

13

RFP No. 20 requests that LSC produce a former employee's email. The email states that "Hiett is a sexist person." D. App. (ECF No. 39-1) 56. LSC maintains that this alleged email is not relevant because Ekpo's claims arose before the email was sent. LSC also notes that, "[w]hile [it] does have access to some past emails, it does not mean that it has access to all past emails." D. Resp. (ECF No. 38) 17.

LSC has not met its burden to show that this email is not relevant. As already discussed, other complaints of discrimination against an individual who allegedly

discriminated against Ekpo are relevant to her claims. *See Diloreto*, 2010 WL 11619087, at *3. And LSC fails to adequately explain how the fact that the email was sent after Ekpo's complained of discrimination occurred renders the email irrelevant. *See id.* ("In discrimination cases, courts limit the scope of discovery to a reasonable time before and after the discrimination complained of."). Accordingly, the court grants Ekpo's motion to compel. If LSC does not possess this email, as it suggests, then it must state this with specificity in an amended response.[8]

14

Ekpo moves to compel production of documents responsive to RFP No. 21. In its response to the motion to compel, LSC merely states that it has amended its response to this RFP to remove a particular objection. LSC does not otherwise contend in its response brief that RFP No. 21 is objectionable. The court therefore grants the motion to compel RFP No. 21.

15

RFP No. 24 requests that LSC produce all documents related to the hiring process for Ekpo's former position. LSC objects to this request as overbroad and that it seeks personal, confidential information.

The party resisting discovery must show how the requested discovery is "overly broad

[8]In response to RFP No. 20, LSC also objects on the basis that this information is equally available to Ekpo. But LSC has waived this objection by not raising it in its response to the motion to compel.

. . . by submitting affidavits or offering evidence revealing the nature of the burden." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (Horan, J.). LSC has failed to do so. And while LSC contends that this discovery encompasses confidential information, it "failed to seek a protective order for such allegedly confidential information." *Oates v. N. Nat. Gas Co.*, 2026 WL 1737008, at *7 (N.D. Tex. June 16, 2026) (Hendrix, J.). Accordingly, the court grants Ekpo's motion to compel RFP No. 24.

16

RFP No. 25 requests that LSC produce EEO-1 reports or similar documents showing company wide employee demographics by race, gender, and job category from 2017 to 2024. RFP No. 35 requests that LSC provide documents showing the demographic data for employees at the vice president, director, or c-suite level from 2017 to 2024. LSC does not make an objection to these RFPs in its response brief; rather, it maintains that it has provided its annual EEO-1 report.

With respect to RFP No. 25, Ekpo suggests that LSC's response is deficient because it did not provide the underlying data for the EEO-1 reports. But RFP No. 25 merely requests that LSC produce "EEO-1 reports *or* similar documents." D. App. (ECF No. 39-1) 57 (emphasis added). With respect to RFP No. 35, Ekpo appears to concede in her opening brief that production of the EEO-1 reports satisfies this RFP. Therefore, because LSC represents that it has produced its EEO-1 reports for each year requested, the court denies Ekpo's motion to compel RFPs Nos. 25 and 35.

17

RFP No. 27 requests that LSC produce its submission to the Equal Employment Opportunity Commission ("EEOC") in response to Ekpo's charge of discrimination. Ekpo contends that LSC's response is deficient because it did not produce *her* submission to the EEOC. LSC responds that it does not possess Ekpo's submission to the EEOC. The court denies Ekpo's motion to compel RFP No. 27. Ekpo does not explain why her own submission to the EEOC is responsive to an RFP requesting LSC's submission to the EEOC. Moreover, Ekpo acknowledges in reply that she already possesses this document.

18

RFP No. 28 requests that LSC produce all companywide Emplify survey results, including anonymized comments, from August 9, 2019 to November 9, 2021. LSC objects that this request is overbroad. It maintains that this request is not limited in subject matter to issues raised in Ekpo's complaint. The court agrees and denies Ekpo's motion to compel. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co.*, 2017 WL 7596913, at *3 (N.D. Tex. May 15, 2017) (Toliver, J.) (concluding that RFPs were overbroad because "no limit is put on the subject matter of the statements sought"); *Fontenot v. Safety Council of Sw. La.*, 2017 WL 3442475, at *1 (W.D. La. Aug. 9, 2017) (concluding RFP was overbroad in part because it had no "content parameters").

19

Ekpo moves to compel as to RFPs Nos. 31 and 36. In its response brief, LSC does not address RFP No. 31 and notes that it has removed a particular objection to RFP No. 36.

Because LSC does not raise an objection to these RFPs in its response brief, the court grants the motion to compel as to RFPs Nos. 31 and 36.

20

LSC maintains that it has fully answered RFP Nos. 33 and 34 in its amended responses. In her reply brief, Ekpo contends that these amended responses are indicative of spoliation. But Ekpo does not offer any evidence to support her assertion that LSC improperly destroyed evidence. Accordingly, the court denies the motion to compel as to RFP Nos. 33 and 34.

E

The court now addresses Ekpo's request to stay depositions. This request is premised on LSC's alleged failure to comply with its discovery obligations. In light of the court's resolution of Ekpo's motion to compel, the court denies the request to stay her depositions.

Ekpo also requests that, once her deposition is scheduled, it be conducted remotely. Rule 30(b)(4) provides that "parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Rule 30(b)(4). "A party who prefers to take a telephone or video-conference deposition but whose request is opposed by another party should bring a Rule 26(c) motion for a protective order seeking the permission of the court to do so." *Ferguson v. Tex. Farm Bureau*, 2020 WL 9936691, at *2 (W.D. Tex. June 25, 2020) (citing *Caraway v. Chesapeake Expl., L.L.C.*, 269 F.R.D. 627, 628 (E.D. Tex. 2010)). "[A] party moving for a protective order must show good cause for entry of such an order and bears the burden 'to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory

statements.'" *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2190190, at *3 (N.D. Tex. Feb. 23, 2023) (Fitzwater, J.) (quoting *In re Terra Int'l, Inc.*, 134 F.3d at 306).

The court finds that Ekpo has failed to meet her burden to obtain a protective order. Ekpo requests a remote deposition based on "defense counsel's documented hostility." P. Br. (ECF No. 37) 18. In support of this assertion, Ekpo notes that, on one occasion, LSC's counsel spoke "aggressively" and stated that "My clients don't have to respond to you and we don't have to respond to you!" P. Br. (ECF No. 37) 7. This thinly-supported assertion regarding LSC's counsel's hostility is insufficient to satisfy Ekpo's burden under Rule 26(c). *See Perkins v. City of New York*, 2026 WL 1900113, at *3 (E.D.N.Y. July 1, 2026) (denying motion for protective order to conduct deposition remotely where alleged burden was "almost entirely conclusory"); *Rummans v. HSBC Bank USA, Nat'l Ass'n*, 2024 WL 3635522, at *2 (N.D. Tex. May 28, 2024) (Rutherford, J.) ("[C]onclusory statements fall far short of the specific demonstration of fact required to obtain a protective order."). Thus the court denies Ekpo's request to conduct her deposition remotely.[9]

F

Ekpo also contends that sanctions are appropriate under Rule 26(g). Rule 26(g) provides that, with respect to a discovery request, response, or objection, a party must certify that it is

[9]Additionally, LSC's counsel are obligated under N.D. Tex. Civ. R. 83.4.1 to comply with the *Dondi* standards of litigation conduct. And under Rule 30(b)(3)(A), a deposition can be recorded by audiovisual means, which can itself serve as a deterrent to objectionable conduct.

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Rule 26(g)(1)(B). If a party's certification violates this rule, without substantial justification, the court must impose an appropriate sanction. Rule 26(g)(3). "Substantial justification exists where 'reasonable people could differ as to the appropriateness of the contested action.'" *Nafta Traders, Inc. v. adidas Am., Inc.*, 2023 WL 114703, at *6 (N.D. Tex. Jan. 4, 2023) (Godbey, C.J.) (quoting *Heller*, 303 F.R.D. at 477).

Ekpo maintains that sanctions are justified because

> Defendant's conduct is not substantially justified. It is a calculated strategy to conceal evidence and force Plaintiff into depositions without impeachment materials. This behavior is perpetually inappropriate, unreasonable, and made in bad faith . . . Anytime Plaintiff legitimately tries to address an issue in Discovery, the Defendant immediately results to the same over-used, disingen[u]ous objections, especially of "Harassment," as a result of Plaintiff exposing Defendant's and their Counsel's numerous deceptive practices (throughout this court process). As noted in Plaintiff's previous Affidavit, attached to her response to Defendant's Protective Order Request (Document 31 - 1): Defendant deflectively responded, "The majority of the information in the 'affidavit' has absolutely no bearing on Defendant's Motion for Protective Order and further demonstrate Plaintiff's desire to harass and embarrass Defendant (Document 33, Section D, ¶ 3)." Providing evidence to the court regarding Defendants perpetual deception and obstruction, as a defense to a frivolous Protective Order, is not harassment or embarrassment. This illogical commentary further substantiates

> that the Defense overuses shallow, blanket objections and accusations to hide “unclean hands.

P. Br. (ECF No. 37) 19. LSC responds that Ekpo’s request for sanctions is based on speculation regarding its motives, and that LSC believed that its objections were well grounded at time they were made.

The court concludes that LSC’s conduct does not warrant sanctions. In light of the reasoning set out in the court’s decision granting in part and denying in part Ekpo’s motion to compel, it is not apparent which response or objection is so lacking in merit that reasonable people could not disagree as to their propriety. Nor does the record indicate that LSC concealed evidence or acted in bad faith when initially objecting or responding to the discovery requests. Accordingly, the court denies Ekpo’s motion for sanctions.

G

The court grants in part and denies in part Ekpo’s motion to compel discovery and denies her requests for sanctions and to stay depositions. LSC must provide amended answers and make the productions required by this memorandum opinion and order no later than 28 days after it is filed.

III

The court now addresses LSC’s motion to modify the scheduling order.

A

LSC requests a 120-day extension for the deadline to complete discovery and the deadline to file certain motions. LSC also requests a 120-day extension of the trial setting.

B

Rule 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *Cartier*, 2009 WL 614820, at *2). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank*, N.A., 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (citation omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

C

The court first considers LSC's explanation. LSC asserts that it could not comply with the discovery deadline in the scheduling order because of Ekpo's refusal to appear for her

deposition and that other discovery issues were unresolved.

The court next considers the importance of the modification. LSC asserts that the modification is important because, without it, it will not be able to depose Ekpo within the discovery period. Moreover, given that the court is partially granting Ekpo's motion to compel, it must allow time for the parties to carry out the procedures provided for under the court's ruling.

The court also considers the potential prejudice that LSC's requested modification would cause and the extent to which a continuance would alleviate any prejudice. LSC asserts that any prejudice to Ekpo in granting the modification will be minimal because she "can address any additional concerns she may have with [LSC's] discovery responses" and "present any basis for those concerns to the Court for consideration." D. Br. (ECF No. 41) 5. Ekpo responds that this extension would allow LSC to avoid sanctions and manufacture evidence. Ekpo also maintains that LSC's promise to "complete discovery" is "illusory." P. Resp. (ECF No. 43) 8.

D

Evaluating the four factors holistically, the court concludes that extensions of the deadlines at issue are warranted. The court has held above that LSC must amend many of its discovery responses and produce additional documents. Such discovery will take time. Ekpo's speculative concerns do not outweigh the other factors in this analysis, which point toward allowing extensions. Accordingly, the court grants LSC's motion to modify the scheduling order. *See Allen v. Amazon*, 2026 WL 776838, at *13-14 (N.D. Tex. Mar. 19,

2026) (Fitzwater, J.) (concluding under similar circumstances that defendant was entitled to extension of discovery and other deadlines).

E

The court therefore amends the April 4, 2025 scheduling order so that the following deadlines apply:

The parties must complete discovery no later than September 29, 2026.

A party must file a motion for summary judgment no later than October 13, 2026.

A party must file a motion not otherwise covered by this or any other scheduling order currently in effect no later than October 13, 2026.

The court continues the trial setting to the two-week docket of February 16, 2027.

* * *

For the reasons explained, the court grants LSC's motion to modify the scheduling order and grants in part and denies in part Ekpo's motion to compel.

**SO ORDERED**.

July 29, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE